JOHN ORBEN, Appellant, v. STATE INVESTING COMPANY, Respondent.

First Department, July 1, 1921.

Negligence — action by husband to recover consequential damages for loss of services, etc., of wife — money paid to servant to do wife's work proper element of damages — appeal — exclusion of testimony not covered by bill of particulars — question cannot be passed on where bill of particulars not in printed case.

In an action by a husband to recover consequential damages for loss of services, and for expenses incurred by reason of injuries sustained by his wife through the negligence of the defendant, the expenditure of money to pay for a servant to do the work that the plaintiff's wife had theretofore done, which she was incapacitated from doing because of the injuries she had sustained, was a proper item of damages.

The Appellate Division cannot pass upon the question whether testimony was properly excluded on the ground that it was not covered by the bill of particulars where the bill of particulars is not in the printed case on appeal.

APPEAL by the plaintiff, John Orben, from a judgment of the Supreme Court in his favor, entered in the office of the clerk of the county of New York on the 13th day of December, 1920, on the verdict of a jury for $400, and also from an order, entered in said clerk's office on the 8th day of December, 1920, denying plaintiff's motion for a new trial made upon the minutes.

*Clifton G. A. French* of counsel [*French & French*, attorneys], for the appellant.

*Edward P. Mowton* of counsel [*Nadal, Jones & Mowton*, attorneys], for the respondent.

PAGE, J.:

The action is to recover consequential damages for loss of services and for expenses incurred for medical attention and nursing, by reason of injuries sustained by the wife of the plaintiff through the negligence of the defendant. Upon the trial the jury returned a verdict for the plaintiff in the sum of $400. A motion to set aside the verdict, on the ground among others that it was inadequate, was denied.

The plaintiff proved that he expended for medical services two hundred and sixty-eight dollars, for nurses fifty dollars, and for medicines fifty dollars. He also testified that prior to the injury his wife had done all of the household work, and that thereafter he had to employ a servant to do the work, paying her sixty dollars a month for 'eight months. He was also interrogated as to the payment of other money to a maid to assist his wife. The questions did not clearly show what work this maid did or whether she was another servant hired after the first one left to do the housework, or one employed for some other service. This testimony was excluded on the ground that it was not covered by the bill of particulars. The bill of particulars is not in the printed case on appeal, and, therefore, we cannot pass upon the appellant's contention that the exclusion of this evidence was erroneous.

The expenditure of money to pay for a servant to do the work that the plaintiff's wife had theretofore done, which she was incapacitated from doing because of the injuries she had sustained, was a proper item of plaintiff's damages and should have been included in the verdict.

The judgment and order will, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.